IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20659
Summary Calendar
_____

PHILLIP CHARLES MELONCON,

Plaintiff-Appellant,

versus

SAM NUCHIA, Chief; JOHN DOE, #1, Officer;
JOHNNY KLEVENHAGEN,

Defendants-Appellees.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CV-4453
- - - - - - - - - - -
July 7, 1998

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:*

Phillip Charles Meloncon (#702760), a state prisoner, appeals the dismissal of his civil rights action. Meloncon contends that his civil rights were violated because he was never taken before a magistrate and advised that he had been charged with unauthorized use of a motor vehicle after his arrest. Meloncon's summary-judgment pleadings in the district court, his appellate brief, and his motion for a temporary restraining order

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

expose his action for what it is--a collateral attack on his conviction for unauthorized use of a motor vehicle.

"A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996) (quoting Heck v. Humphrey, 512 U.S. 477, 487 (1994)). Although Meloncon has requested damages, it is clear that he believes he is illegally imprisoned and that he is attempting to challenge the fact or length of his confinement.

If a prisoner is challenging the fact or duration of his physical confinement and seeks an immediate or a speedier release from imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Although Meloncon contends that he is unable to raise his non-jurisdictional claim in a habeas proceeding because he waived it by pleading guilty, Meloncon must still show that his conviction has been reversed, expunged, declared invalid, or called into question before he may raise the issue in a § 1983 action. See Williams v. Schario, 93 F.3d 527, 528-29 (8th Cir. 1996).

Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R.

42.2.  Meloncon is warned that frivolous filings will invite the imposition of sanctions.  To avoid sanctions, Meloncon should review any pending appeals or motions to ensure that they do not raise arguments that are frivolous.

Meloncon has filed various motions, which are DENIED.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTIONS DENIED.